**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAMERON LACROIX,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC.,<br><br>Defendant. | Civil Action No. 1:26-cv-12738-ADB |

## DEFENDANT AMAZON.COM SERVICES LLC'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT AND TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT

Pursuant to Rules 55(b) and 55(c) of the Federal Rules of Civil Procedure, Defendant Amazon.com Services LLC ("Amazon") respectfully moves the Court to set aside the Clerk's Entry of Default—and to deny Plaintiff Cameron Lacroix's Motion for Default Judgment as moot. Amazon's delay in appearing and mounting a defense to Plaintiff's claims was not willful and resulted from inadvertence, internal routing issues, and individual absences. Defendant and undersigned counsel acted promptly upon learning of the default, Amazon has meritorious defenses to Plaintiff's claims, and Plaintiff will suffer no cognizable prejudice if this matter proceeds on the merits. Under well-established First Circuit authority, default judgments are disfavored, and any doubts should be resolved in favor of adjudication on the merits. Accordingly, the Court should set aside the Clerk's Entry of Default pursuant to Rule 55(c) and deny Plaintiff's Motion for Default Judgment.



328097844v.

## RELEVANT BACKGROUND

Plaintiff filed the Original Complaint on June 16, 2026. Dkt. 1. Plaintiff filed a First Amended Complaint on June 27, 2026. Dkt. 7. On July 6, 2026, Plaintiff filed a Declaration of Service of the Complaint and Summons.[1] Dkt. 8.

On July 21, 2026, Plaintiff filed a Request for Clerk's Entry of Default. Dkt. 9. On July 27, 2026, the Court docketed a Notice: Clerk's Entry of Default as to Amazon.com Services LLC. Dkt. 11. Two days later, Plaintiff filed a Motion for Default Judgment. Dkt. 14. On August 1, 2026, Plaintiff filed a Notice of Motion for Default Judgment. Dkt. 15. As the docket reflects, correspondence, including the Notice (Dkt. 11) and the Court's Standing Order Regarding Default Motions, was returned as undeliverable. Dkt. 17.

Routing of the matter to counsel did not follow Amazon's robust established channels, and initially was directed to personnel who has left undersigned counsel's firm.[2] Amazon thus notified Seyfarth of service of the initial Complaint on or about July 14, 2026, but the decision as to whether Seyfarth would be engaged for the defense was not yet made.[3] Immediately after being retained on or around August 19, 2026, undersigned counsel reviewed the docket, investigated the circumstances surrounding the response deadline, and promptly appeared in this action.[4] The failure to respond was not the result of any intentional disregard of the Court's rules or this litigation. Rather, the delay resulted from administrative and communication issues that arose during a period in which relevant personnel were unavailable and before outside counsel

[1] In the Declaration, Plaintiff references only the "Complaint" and not the "Amended Complaint." Dkt. 8.
[2] Amazon can make additional information about the contributing circumstances available by declaration if that would assist the Court.
[3] Seyfarth did not handle any prior proceeding serving as a jurisdictional prerequisite to Plaintiff's filing here.
[4] Amazon does not concede that Plaintiff properly effected service of the Amended Complaint on its registered agent for service of process.

had been retained. Once aware of the issue and having retained counsel, Defendant acted expeditiously to participate in the litigation and seek relief from the default.

Amazon is not seeking delay for delay's sake. It seeks only the opportunity to file a responsive pleading and litigate the case in the ordinary course. No scheduling order has issued, no discovery has been taken, and no case-management deadlines will be disrupted by allowing the case to proceed on the merits.

## ARGUMENT

### I. The Court Should Set Aside the Clerk's Entry of Default Pursuant to Rule 55(c)

Rule 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The First Circuit has long recognized that default is a drastic sanction and that disputes should be resolved on their merits whenever reasonably possible. *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989).

In determining whether good cause exists, courts consider:

A. whether the default was willful;
B. whether setting aside the default would prejudice the opposing party;
C. whether the defaulting party has asserted a meritorious defense;
D. the timing of the request for relief; and
E. the strong preference for resolving disputes on their merits.

*Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3–4 (1st Cir. 2010); *Coon*, 867 F.2d at 76. Each factor favors relief here.

#### A. Amazon's Failure to Respond Was Not Willful

A central consideration is whether the default resulted from deliberate misconduct or intentional disregard of the litigation. It did not.

Amazon's failure to respond stemmed from administrative and communication issues, personnel absences, and the inadvertently delayed retention of outside counsel. These circumstances reflect mistake—not bad faith.

The First Circuit distinguishes negligent or mistaken conduct from willful misconduct warranting default. *See Coon*, 867 F.2d at 76. Courts routinely grant relief where the default results from internal communication failures, administrative oversights, misunderstandings, or similar non-willful circumstances. *Indigo*, 597 F.3d at 3–4; *Coon*, 867 F.2d at 76-77; *Oliveira Gomes v. Wonderful Home Servs. Inc.*, 25-CV-40059, 2025 WL 4781459 at *3 (D. Mass. Dec. 24, 2025) (setting aside entry of default where Defendant was under mistaken impression that counsel was actively litigating the case); *PNC Bank, N.A. v. Cooling Our Future, Inc.*, CV 09-40229-FDS, 2011 WL 13552530 at *2 (D. Mass. Mar. 3, 2011) (setting aside entry of default where "Defendants' principal explanation for their failure to file a timely answer is their counsel's lack of familiarity with this Court's electronic filing system"). Here, there is no evidence that Amazon intentionally ignored this litigation, sought tactical advantage, or acted in conscious disregard of the judicial process. To the contrary, once counsel was retained, Amazon acted immediately to address the issue. These facts weigh heavily in favor of vacating the default.

### B. Plaintiff Will Not Be Prejudiced by Setting Aside the Default

The absence of prejudice strongly favors relief. For purposes of Rule 55(c), prejudice means more than mere delay. Courts look for tangible harms such as loss of evidence, unavailability of witnesses, increased discovery difficulties, or heightened opportunities for fraud or collusion. *See Indigo America*, 597 F.3d at 4; *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003).

This case remains in its infancy. Discovery has not commenced. No scheduling order has been entered. No evidence has been lost. No witness has become unavailable. Plaintiff identifies no concrete litigation disadvantage arising from the brief delay.

Any prejudice asserted by Plaintiff is therefore limited to the ordinary delay attendant to litigation, which is insufficient as a matter of law to justify either maintaining a default or entering default judgment. *See KPS & Assocs.*, 318 F.3d at 15; *Indigo America*, 597 F.3d at 4.

**C. Amazon Has Meritorious Defenses**

A party seeking relief under Rule 55(c) need not prove that it will ultimately prevail. It need only demonstrate that it possesses defenses that are sufficiently substantial to warrant adjudication on the merits. *Indigo America*, 597 F.3d at 4.

Amazon disputes Plaintiff's allegations and possesses defenses that warrant consideration through the normal adversarial process. The Court need not determine the ultimate merits of those defenses at this stage. It is enough that Amazon has articulated grounds upon which it intends to contest liability and that those defenses are not frivolous.

This factor therefore weighs strongly in favor of setting aside the default and permitting the litigation to proceed.

**D. Amazon Acted Promptly Upon Learning of the Default**

Prompt corrective action is another significant factor supporting relief. Once Amazon retained outside counsel and became aware of the procedural posture of the case, counsel immediately reviewed the docket, investigated the circumstances surrounding the responsive deadline, entered an appearance, and prepared the present filing.

The First Circuit has repeatedly recognized that prompt action following discovery of a clerk's entry of default weighs strongly in favor of relief. *See Coon*, 867 F.2d at 76; *Indigo America*, 597 F.3d at 4. Amazon's immediate efforts to address the issue demonstrate good faith and further support vacatur of the default.

### E. The Strong Preference for Resolving Cases on the Merits Favors Relief

The First Circuit has consistently instructed that defaults are disfavored and that doubtful cases should generally be resolved in favor of adjudication on the merits. *Coon*, 867 F.2d at 76.

This case presents precisely the circumstances in which relief is appropriate. The default resulted from mistake rather than willful misconduct. Plaintiff will suffer no cognizable prejudice. Amazon promptly appeared and seeks to defend the case. Under these circumstances, the interests of justice are best served by allowing the litigation to proceed on its merits.

## II. Plaintiff Is Not Entitled to Default Judgment

Because good cause exists to set aside the Clerk's Entry of Default, Plaintiff's Motion for Default Judgment necessarily fails.

Default judgment is an extraordinary remedy reserved for cases involving clear disregard of litigation obligations. *See KPS & Assocs.*, 318 F.3d at 12–13. Courts possess broad discretion in determining whether default judgment is appropriate and routinely decline to enter judgment where the defendant promptly appears and demonstrates good cause for the default. *See Oliveira*, 2025 WL 4781459 at *3; *Labollita v. Home Rental Connections Ltd.*, CV 16-11433-LTS, 2017 WL 2569522 at *3 (D. Mass. June 13, 2017) (setting aside entry of default because "the delay was short, a month and a half from the order entering default judgment and the motion to set aside the default judgment. There is little, if any, prejudice to Plaintiffs as the litigation has not proceeded, no hearing on the assessment of damages was held, and final judgment has not been entered" and "once [defendant] learned of the Court's ruling on the motion for a default judgment it filed the motion to vacate without delay"); *Webb v. Gunnallen Fin., Inc.*, CIV.A. 10-10269-GAO, 2010 WL 5017411, at *1 (D. Mass. Dec. 3, 2010) (granting motion to vacate default because "Rapuano moved immediately to vacate the default when it was first brought to his attention"); *PNC Bank*, 2011 WL 13552530 at *2.

Given Amazon's prompt response, lack of willfulness, potentially meritorious defenses, disputes as to the sufficiency of service of the operative complaint, and the absence of prejudice to Plaintiff, entry of default judgment would be inconsistent with both Rule 55 and the First Circuit's strong preference for decisions on the merits. Accordingly, Plaintiff's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Amazon.com Services LLC respectfully requests that the Court (1) set aside the Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(c), (2) deny Plaintiff's Motion for Default Judgment as moot, (3) permit Defendant to file a responsive pleading within such time as the Court directs,[5] and (4) grant such further relief as the Court deems just and proper.

DATED: August 21, 2026

Respectfully submitted,

DEFENDANT AMAZON.COM SERVICES LLC

By its attorneys,

/s/ *Kristin G. McGurn*
Kristin McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Emily Miller (BBO No. 705662)
emmiller@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

[5] Because Plaintiff's Amended Complaint contains nearly 300 paragraphs of allegations (ECF No. 7), and given the undersigned counsel's recent engagement in this matter, Defendant respectfully requests that the Court allow it at least 21 days to file a responsive pleading.

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I hereby certify that counsel for Amazon attempted to confer with Plaintiff by phone and email on August 21, 2026 regarding the issues raised in the instant motion. Counsel for Amazon did not receive a response by the time of this filing.

*/s/ Kristin G. McGurn*
Kristin G. McGurn

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*/s/ Kristin G. McGurn*
Kristin G. McGurn