**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CAMERON LACROIX,
Plaintiff,

v.

Civil Action No: 26-cv-12738-ADB

AMAZON.COM SERVICES LLC,
Defendant.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT

Plaintiff Cameron Lacroix, proceeding pro se, respectfully submits this Opposition to Defendant Amazon.com Services LLC's Motion to Set Aside Default and to Deny Plaintiff's Motion for Default Judgment as Moot [ECF No. 19].

Defendant does not dispute that its response to the First Amended Complaint was due July 21, 2026; that Defendant failed to plead or otherwise defend by that deadline; or that the Clerk entered default against Defendant on July 27, 2026.

Defendant instead attributes its failure to respond to an internal routing problem, stating that the matter "initially was directed to personnel who has left undersigned counsel's firm."

That explanation does not, standing alone, establish good cause under Federal Rule of Civil Procedure 55(c). Defendant is a sophisticated corporate litigant. The litigation was directed to persons and locations associated with Defendant, Plaintiff continued providing Defendant with notice after entry of default, and Defendant nevertheless did not appear until August 21, 2026—approximately one month after its answer was due and twenty-five days after the Clerk entered default.

For the reasons below, Defendant has not established that the balance of the Rule 55(c) factors warrants setting aside the default.

**I. RELEVANT PROCEDURAL HISTORY**

Plaintiff commenced this action on June 16, 2026.

Plaintiff filed his First Amended Complaint on June 27, 2026.

According to the Court's docket, Defendant Amazon.com Services LLC was served on June 30, 2026, and its response was due July 21, 2026.

Defendant did not file an answer, motion under Rule 12, notice of appearance, request for extension of time, or other responsive filing by July 21.

Plaintiff requested entry of default, and on July 27, 2026, the Clerk entered default against Amazon.com Services LLC pursuant to Rule 55(a).

On July 29, 2026, Plaintiff filed his Application for Default Judgment pursuant to Rule 55(b)(1) and a deadline for a response was set for August 12, 2026.

Plaintiff thereafter continued providing Defendant with notice of the default proceedings. USPS tracking reflects that documents mailed to Amazon in Seattle, Washington 98109 were delivered on August 6, 2026. Plaintiff mailed the documents to the address on file with the Secretary of the Commonwealth of Massachusetts.

As an additional courtesy, Plaintiff separately mailed a copy of his Motion for Default Judgment to Defendant's Massachusetts registered agent, Corporation Service Company ("CSC"), at 84 State Street, Boston, Massachusetts 02109. USPS tracking reflects that this mailing was delivered on August 7, 2026.

Defendant did not appear immediately following either delivery. On August 21, 2026, Defendant filed the present motion, and counsel entered appearances on Defendant's behalf.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause."

In determining whether good cause exists, the First Circuit considers, among other circumstances, whether the default was willful, whether setting aside the default would prejudice the non-defaulting party, whether the defaulting party has presented a meritorious defense, the nature of the explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. See KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003); McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 503 (1st Cir. 1996).

Although courts favor resolution of disputes on their merits, that preference does not eliminate Rule 55(c)'s requirement that the defaulting party demonstrate good cause. The relevant factors must be evaluated under the particular circumstances of this case.

## III. DEFENDANT'S INTERNAL ROUTING EXPLANATION DOES NOT, BY ITSELF, ESTABLISH GOOD CAUSE

Defendant states that the matter "initially was directed to personnel who has left undersigned counsel's firm." That explanation describes an internal litigation-management failure. It does not establish that Plaintiff failed to serve Defendant or that circumstances outside Defendant's reasonable control prevented a timely response.

Amazon.com Services LLC is a sophisticated corporate litigant capable of maintaining procedures for receiving legal process, forwarding litigation to counsel, calendaring response deadlines, and transferring active litigation when attorneys or other personnel depart.

Defendant's abbreviated explanation leaves material questions unanswered, including when Defendant transmitted the lawsuit to counsel, when the referenced personnel left counsel's

firm, whether the July 21 deadline had been calendared, what procedures existed for reassigning that person's matters, when present counsel discovered the lawsuit, and why Defendant did not request an extension before default.

**A. Defendant's Reliance on PNC Bank Is Incomplete and the Case Is Distinguishable**

Defendant relies upon PNC Bank, N.A. v. Cooling Our Future, Inc., No. 09-40229-FDS, 2011 WL 13552530, at *2 (D. Mass. Mar. 3, 2011), characterizing that decision as setting aside default where "Defendants' principal explanation for their failure to file a timely answer is their counsel's lack of familiarity with this Court's electronic filing system."

That characterization does not reflect the full basis for the court's ruling. Judge Timothy S. Hillman expressly described the determination as a "close call" and explained that relief was warranted because the balance of factors favored setting aside default. Specifically, the court found that the delay was not willful, that the defendants possibly had a meritorious defense, and that the plaintiff would not be prejudiced by allowing litigation to proceed.

> "Although it is a close call, the balance of factors weighs in favor of setting aside the entry of default. Defendants' delay in filing their answer was not willful; it is possible that defendants have a meritorious defense; and plaintiff would not be prejudiced if litigation of this matter proceeds on the merits."

Thus, PNC Bank supports a multi-factor balancing analysis. It does not establish that an attorney's administrative error, standing alone, constitutes good cause. The asserted mistake here is also different in character: Defendant does not contend that counsel was actively attempting to respond but encountered an unfamiliar electronic filing system. Instead, Defendant states that the litigation was routed to personnel who later departed counsel's firm. That explanation implicates Defendant's and counsel's own procedures for tracking and transferring pending litigation.

## IV. NOTICE WAS DIRECTED TO PERSONS AND LOCATIONS FORMALLY ASSOCIATED WITH DEFENDANT

The Massachusetts Secretary of the Commonwealth identifies Amazon.com Services LLC as a registered foreign limited liability company with its principal office at 410 Terry Avenue North, Seattle, Washington 98109. The same official corporate record identifies Azalea Park as a Manager of Amazon.com Services LLC at an address in Seattle, Washington and identifies Corporation Service Company, 84 State Street, Boston, Massachusetts 02109, as Defendant's Massachusetts resident agent.

Plaintiff additionally possesses internal Amazon records identifying Azalea Park as an Associate General Counsel handling legal matters associated with Amazon's Worldwide Stores organization. That relationship is relevant because one of the individuals specifically identified in Plaintiff's First Amended Complaint, Matthew Dolan, was personally observed by Plaintiff during the relevant period sitting and working at a workspace assigned to employees associated with Worldwide Stores. Plaintiff was the victim of a manufactured investigation and he also was in a role associated with Worldwide Stores.

Plaintiff does not contend that this circumstance, by itself, establishes what Amazon's Associate General Counsel Azalea Park personally knew about this action. It does, however, rebut any suggestion that notice was directed to an arbitrary employee having no meaningful relationship to Defendant or the organization implicated by Plaintiff's allegations.

## V. DEFENDANT RECEIVED ADDITIONAL NOTICE AFTER DEFAULT BUT DID NOT APPEAR UNTIL AUGUST 21

The chronology following entry of default further bears on Defendant's request for relief. The Clerk entered default on July 27; Plaintiff filed his Motion for Default Judgment on July 29; USPS tracking reflects delivery of documents to Azalea Park in Seattle on August 6; and, as a courtesy, Plaintiff separately sent a copy of the Motion for Default Judgment to Defendant's

registered agent, CSC, which was delivered at CSC's Boston address on August 7. Defendant nevertheless did not appear and move to set aside the default until August 21.

Plaintiff does not offer the August mailings as substitutes for the original June 30 service reflected on the Court's docket. Rather, the mailings demonstrate continuing notice of the default proceedings and are relevant to the duration and circumstances of Defendant's delay.

## VI. DEFENDANT'S CLAIM THAT PLAINTIFF WILL SUFFER NO PREJUDICE SHOULD NOT BE ACCEPTED ON THIS RECORD

Defendant argues that "[t]he absence of prejudice strongly favors relief" and states that prejudice under Rule 55(c) requires more than ordinary delay. Defendant cites Indigo America, Inc. v. Big Impressions, LLC, 597 F.3d 1, 4 (1st Cir. 2010), and KPS, 318 F.3d at 15, identifying such concerns as loss of evidence, unavailable witnesses, increased discovery difficulties, or heightened opportunities for fraud or collusion. In this case, Plaintiff contends that individuals at Amazon engaged in fraud and collusion by covering up a malicious investigation designed to inflict psychological warfare on him.

Those authorities do not establish an absence of prejudice here. To the contrary, Plaintiff has already been informed of circumstances implicating precisely the types of evidentiary concerns Defendant identifies.

Plaintiff was informed by an individual at Amazon that Human Resources Business Partner Alyse Griswold, who had been involved in matters relating to Plaintiff's suspension, was terminated from Amazon before Plaintiff returned to work after being cleared of wrongdoing associated with that suspension.

Plaintiff was separately informed by Jerry Martinez, a Regional Human Resources Business Partner, that Amazon had "lost" some of the information concerning what occurred

during the initial stages of Plaintiff's suspension because individuals had been shifted around and others had departed the company.

Plaintiff presents these statements for the limited purpose of explaining the concrete prejudice he faces from continued delay. Plaintiff is not presently asking the Court to make a finding of spoliation or intentional destruction of evidence. The circumstances nevertheless bear directly upon witness availability, preservation of institutional knowledge, loss of relevant information, and increased discovery difficulty.

## VII. DEFENDANT HAS NOT SHOWN THAT THE MERITORIOUS-DEFENSE FACTOR STRONGLY FAVORS VACATUR

Defendant separately contends that "Amazon Has Meritorious Defenses." A defendant seeking relief from default need not prove its entire defense at the Rule 55(c) stage, but the meritorious-defense factor is nevertheless a distinct consideration. A defendant must identify a potentially viable defense supported by facts which, if established, would constitute a defense. See Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989).

Plaintiff possesses contemporaneous documentary, audio, and video evidence that materially bears upon the factual assertions underlying Defendant's proposed defenses.

### A. Documentary Evidence Concerning Matthew Dolan

Plaintiff possesses documentary evidence concerning Amazon employee Matthew Dolan, including WhatsApp communications that Plaintiff contends relate to Mr. Dolan's actions and subsequent attempts to address or conceal the conduct underlying this action. Among those communications is a message describing what occurred as a "learning experience." Plaintiff contends that, considered in the context of the surrounding communications and events, the statement supports an inference that serious mistakes occurred rather than Defendant's anticipated position that Plaintiff's allegations are wholly without factual basis.

**B. Audio and Video Evidence**

Plaintiff is also in possession of audio and video recordings involving Mr. Dolan. Among those recordings, Plaintiff captured Mr. Dolan telling someone that "they want me in his room."

Plaintiff contends that this recording, considered together with the surrounding statements and circumstances, corroborates material portions of Plaintiff's allegations concerning the conduct described in the First Amended Complaint. While not specifically described in his chief complaint, Plaintiff was a victim of Government weaponization as noted in Lacroix v. Leatherman and he had discovered that objects were displaced within his home.

**C. Additional Recordings Provided to the Department of Justice Office of the Inspector General**

Plaintiff possesses additional recordings that he has submitted to the Federal Bureau of Investigation's Office of the Inspector General which relate to this specific case. Plaintiff contends that those recordings contain statements indicating that an individual participated in a plan to plant digital evidence in an effort to frame him.

Plaintiff does not ask the Court at this procedural stage to determine conclusively what these recordings establish or to adjudicate disputed facts concerning third parties. Their relevance to the present motion is narrower: Defendant asks the Court to treat its proposed defenses as meritorious, while Plaintiff possesses contemporaneous documentary evidence and recordings that, if authenticated and credited, could directly contradict factual premises underlying Defendant's defenses and corroborate portions of Plaintiff's allegations. At minimum, the meritorious-defense factor should not be treated as weighing strongly in Defendant's favor.

**VIII. THE TIMING AND CIRCUMSTANCES OF DEFENDANT'S DELAY ALSO WARRANT CONSIDERATION**

Plaintiff does not contend that every administrative error necessarily constitutes willful misconduct. The relevant chronology, however, is undisputed: Defendant's answer was due July 21; no response was filed; the Clerk entered default July 27; Plaintiff moved for default judgment July 29; additional documents were delivered to Amazon August 6; a courtesy copy of the default-judgment motion was delivered to Defendant's registered agent August 7; and Defendant did not appear until August 21.

Thus, Defendant's failure was not limited to missing the original deadline by a matter of hours or days followed by an immediate corrective filing. The Court should evaluate the complete period of inaction when considering the adequacy of Defendant's explanation, Defendant's good faith, and the timing of its request for relief.

## IX. DEFENDANT'S REQUEST TO DENY PLAINTIFF'S DEFAULT-JUDGMENT MOTION AS MOOT DEPENDS UPON VACATUR OF DEFAULT

Defendant also requests that the Court deny Plaintiff's pending Motion for Default Judgment as moot. That request necessarily depends upon the Court first setting aside the Clerk's entry of default. If Defendant has not demonstrated good cause under Rule 55(c), the default remains in effect and Plaintiff's pending Rule 55(b) motion is not moot. Accordingly, Defendant's request to deny Plaintiff's Default Judgment Motion as moot should likewise be denied.

## X. ALTERNATIVE REQUEST FOR RELIEF

If the Court nevertheless determines that the strong federal preference for resolving disputes on the merits warrants setting aside the entry of default, Plaintiff respectfully requests that relief be conditioned upon Defendant filing its responsive pleading within a short and definite period established by the Court and strictly complying with future deadlines.

Plaintiff further requests that any order setting aside default be without prejudice to Plaintiff's ability to rely upon Defendant's delay, the circumstances surrounding Defendant's receipt and handling of this action, the reported loss of relevant information, and the departure of relevant personnel during subsequent discovery or proceedings.

**CONCLUSION**

For the foregoing reasons, Plaintiff Cameron Lacroix respectfully requests that this Court:

1. DENY Defendant Amazon.com Services LLC's Motion to Set Aside Default;
2. DENY Defendant's request to deny Plaintiff's pending Motion for Default Judgment as moot;
3. permit Plaintiff's pending Motion for Default Judgment to remain before the Court; and
4. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CAMERON LACROIX**
Plaintiff, Pro Se
PO Box 620144
Newton, MA 02462
617-539-6662
cameronlacroix@proton.me

Dated: August 21, 2026

**CERTIFICATE OF SERVICE**

I, Cameron Lacroix, hereby certify that on August 21, 2026, I filed the foregoing Plaintiff's Opposition to Defendant's Motion to Set Aside Entry of Default and to Deny Plaintiff's Motion for Default Judgment as Moot through the Court's CM/ECF electronic filing system, which will provide electronic notice of the filing to counsel of record for Defendant Amazon.com Services LLC. As counsel has recently filed their Notice of Appearance, I certify

that I have distributed this motion and accompanying exhibits to Kristin McGurn via e-mail at kmcgurn@seyfarth.com.

**/s/ Cameron Lacroix**
Cameron Lacroix
Plaintiff, Pro Se

## PROPOSED EXHIBITS

**Exhibit A** — Massachusetts Secretary of the Commonwealth Business Entity Summary for Amazon.com Services LLC, identifying Corporation Service Company as Resident Agent and Azalea Park as Manager.

**Exhibit B** — Amazon internal record identifying Azalea Park as Associate General Counsel associated with legal matters concerning Worldwide Stores.

**Exhibit C** — USPS tracking reflecting delivery of documents to Amazon in Seattle, Washington 98109 on August 6, 2026.

**Exhibit D** — USPS tracking reflecting delivery on August 7, 2026 of Plaintiff's courtesy copy of the Motion for Default Judgment to Corporation Service Company in Boston, Massachusetts 02109.