UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAMERON LACROIX,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | * * * * * * * * * * * * * | Civil Action No. 26-cv-12738-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Currently before the Court is Defendant Amazon.com Services LLC's motion to set aside the clerk's entry of default and to deny Plaintiff Cameron Lacroix's motion for default judgment as moot. [ECF No. 19]. For the foregoing reasons, Defendant's motion, [id.], is **GRANTED** and Plaintiff's motion for default judgment, [ECF No. 14], is **DENIED** as moot.

## I. PROCEDURAL HISTORY

Plaintiff filed his original complaint on June 16, 2026, [ECF No. 1], and an amended complaint on June 27, 2026, [ECF No. 7 ("Amended Complaint" or "Am. Compl.")]. In his Amended Complaint, Plaintiff brings multiple claims under the Americans with Disabilities Act and Massachusetts General Laws Chapter 151B, as well as common law tort claims, against Defendant. See [Am. Compl. ¶¶ 251–296]. On July 6, 2026, Plaintiff filed a declaration of service of the complaint and summons on Defendant stating that Defendant had been served on

June 30, 2026.[1] [ECF No. 8]. On July 21, 2026, Plaintiff moved for entry of default, [ECF No. 9], which the Court entered on July 27, 2026, [ECF No. 11]. Plaintiff moved for default judgment on July 29, 2026. [ECF No. 14]. On August 21, 2026, Defendant filed the instant motion to set aside the entry of default and to deny Plaintiff's motion for default judgment as moot, [ECF No. 19], and Plaintiff opposed the motion on that same day, [ECF No. 23].

## II. DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); see Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) (explaining that the good cause standard is "a liberal one—but not so elastic as to be devoid of substance"). While entry of default judgment can be a useful remedy when necessary for the administration of justice, it is also "a 'drastic' sanction . . . that runs contrary to the goals of resolving cases on the merits and avoiding 'harsh or unfair results.'" Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (first quoting Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977); and then quoting KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 13 (1st Cir. 2003)).

When evaluating whether good cause exists, courts consider: (1) whether the default was willful; (2) whether setting aside the default would prejudice the opposing party; (3) whether the defaulting party has asserted a meritorious defense; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion to set aside the entry of default. Wilson v. Town of Fairhaven, No. 18-cv-

[1] Defendant's answer was, therefore, due on July 21, 2026. See [ECF No. 8].

11099, 2019 WL 1757780, at *29 (D. Mass. Mar. 4, 2019); Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).

The Court will briefly address each of these considerations. First, with respect to the first, fourth, fifth, and seventh considerations, the Court finds that Defendant's delay was not willful or a result of bad faith and that Defendant responded to the entry of default within a reasonable period of time. Defendant has explained that its failure to respond to the Amended Complaint stemmed from administrative and logistical issues, missteps that were perhaps neglectful but do not appear to have been in bad faith. [ECF No. 19 at 3]. Specifically, Defendant claims that the complaint was routed to someone who is no longer employed at counsel of record's firm, which led to Defendant's delay in response. [Id. at 2]. Defendant formally retained counsel on or around August 19, 2026, and filed its motion to set aside the entry of default just two days later, and less than one month after the Court had entered default. [Id.]. Because Defendant's error resulted in a delay of only a few weeks, the Court does not find that Defendant acted in such a manner that would warrant the "drastic sanction" of default judgment. Remexcel, 583 F.3d at 51.

Second, Plaintiff has set forth no non-speculative basis as to why he would be prejudiced if the default were set aside. Plaintiff claims that an Amazon human resources employee involved in his suspension was terminated from Amazon, and that Amazon had "lost" some information concerning his suspension because individuals had been shifted around and departed the company, [ECF No. 23 at 6–7], and he argues that these circumstances "bear directly upon witness availability, preservation of institutional knowledge, loss of relevant information, and increased discovery difficulty," [id. at 7]. He does not, however, explain when these alleged events took place or how Defendant's delay of only a few weeks tangibly impacted any of his

discovery concerns. As Defendant points out, the case is in its very early stages, discovery has not yet begun, and the delay has been relatively brief. [ECF No. 19 at 4].

As to the third consideration, Defendant claims that the Court should set aside the default because it "disputes Plaintiff's allegations and possesses defenses that warrant consideration through the normal adversarial process," and that "Amazon has articulated grounds upon which it intends to contest liability." [ECF No. 19 at 5]. While "[e]stablishing the existence of a meritorious defense is not a particularly arduous task," a party must at least "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense," Indigo Am., Inc., 597 F.3d at 4 (quoting Coon, 867 F.2d at 77), and the Court does not see the grounds Defendant has mentioned anywhere in Defendant's motion or elsewhere on the docket. Plaintiff, on the other hand, claims that he has evidence, including audio and video recordings, that contradict Defendant's defenses and corroborate his own allegations. [ECF No. 23 at 7–8]. Without further information, the Court finds that this consideration does not weigh in either party's favor.

Finally, with respect to the amount of money involved, Plaintiff has asserted that he is seeking $29,000,000 in damages related to severe emotional distress, psychiatric treatment, financial hardship, reputational injury, lost promotion opportunity, and other harms he allegedly suffered. [Am. Compl. at 31]; [ECF No. 14]. The large amount of damages sought by Plaintiff and the general, lump-sum nature of the request weigh in favor of setting aside the entry of default and resolving the dispute on the merits. See Indigo Am., Inc., 597 F.3d at 3 (finding that the $173,000 at stake was a "significant sum" and weighed in favor of setting aside the default); see also Champion v. Sethi, No. 22-cv-01355, 2023 WL 5751468, at *3 (D. Ariz. Sep. 6, 2023) ("[T]he large amount of damages Plaintiffs seek weighs against default judgment.").

Taken together, these considerations weigh in favor of allowing Defendant the opportunity to defend this case on the merits, and the Court concludes that there is good cause to set aside the entry of default as to Defendant.

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to set aside the entry of default is **GRANTED** and Plaintiff's motion for default judgment is **DENIED** as moot.

**SO ORDERED.**

August 27, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE