**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CAMERON LACROIX,**<br>Plaintiff,<br><br>v.<br><br>**AMAZON.COM SERVICES LLC,**<br>Defendant. | Civil Action No. 1:26-cv-12738-ADB |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION OF MEMORANDUM AND ORDER (ECF NO. 24) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Cameron Lacroix, proceeding pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 54(b) for reconsideration and clarification of the Court's August 27, 2026 Memorandum and Order (ECF No. 24). Reconsideration is warranted for two reasons. First, Plaintiff's Rule 55(b)(1) application remained unresolved while Defendant was in default and had not appeared because Plaintiff was incorrectly informed by court staff that the Judge, rather than the Clerk, was required to enter default judgment. Second, Plaintiff has since identified newly discovered evidence bearing on the underlying allegations and the Court's assessment of Defendant's potentially meritorious defenses.

## I. PROCEDURAL BACKGROUND

Defendant was served on June 30, 2026, and its response was due July 21, 2026. See ECF No. 8. Plaintiff requested entry of default on July 21, and the Clerk entered default on July 27. See ECF Nos. 9, 11.

On July 29, 2026, while Defendant remained in default and had not appeared, Plaintiff filed an application for default judgment expressly pursuant to Rule 55(b)(1). See ECF No. 14.

Before Defendant appeared, Plaintiff contacted court staff regarding the status of that application and explained that he had asked the Clerk to enter default judgment pursuant to Rule

55(b)(1). Court staff responded that the Clerk did not issue default judgments and that Plaintiff's motion was instead "before the Court." In substance, Plaintiff was informed that the assigned Judge, rather than the Clerk, was required to act on his Rule 55(b)(1) application.

That information was incorrect as a categorical statement of Rule 55(b)(1). The Rule expressly provides that, where its requirements are satisfied, the Clerk must enter judgment upon the plaintiff's request and affidavit showing the amount due against a defendant who has been defaulted for failing to appear and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1).

Relying on the information provided by court staff, Plaintiff understood that no further action before the Clerk was available or necessary and that his application was properly awaiting judicial action. Defendant appeared after Plaintiff's e-mail to the Docket Clerk on August 21, 2026, when it filed notices of appearance and moved to set aside the default. See ECF Nos. 19-22. On August 27, 2026, the Court granted Defendant's Rule 55(c) motion and denied Plaintiff's default-judgment application as moot. See ECF No. 24.

## II. RECONSIDERATION AND CLARIFICATION ARE WARRANTED UNDER RULE 54(b)

**II. RECONSIDERATION AND CLARIFICATION ARE WARRANTED UNDER RULE 54(b)**

The August 27, 2026 Order is interlocutory and remains subject to revision under Rule 54(b) as this was a request for default judgment. Plaintiff seeks clarification concerning the treatment of his July 29, 2026 application for default judgment under Rule 55(b)(1).

Rule 55(b)(1) states that the Clerk "must enter judgment" as long as the claim is for a "sum certain or a sum that can be made certain by computation" and the defendant has been

defaulted for failing to appear. Accordingly, the statement that "[t]he Clerk does not issue default Judgments" was incorrect as a general description of Rule 55(b)(1).

Plaintiff acknowledges that a separate question exists as to whether his $29,000,000.00 demand qualified as a "sum certain." His application identified one fixed amount and supported that amount by sworn declaration as the compensation sought for the injuries alleged in the First Amended Complaint.

Plaintiff therefore maintains that the application should have been evaluated under Rule 55(b)(1), rather than redirected on the categorical ground that the Clerk lacked authority to enter default judgment.

At the time the application was filed, the Clerk had already entered default, Defendant had not appeared, and Defendant did not move to set aside the default until August 21, 2026.

Plaintiff therefore respectfully requests clarification as to whether the Court concludes that the July 29 application failed because the damages were not a "sum certain," or whether the application was denied solely because the later setting aside of default rendered it moot. The August 27 Order discussed the size and lump-sum nature of the damages request, but did not expressly decide the Rule 55(b)(1) question.

## III. NEWLY DISCOVERED EVIDENCE

Plaintiff has also identified a material evidentiary connection that was not apparent during the earlier Rule 55(c) briefing. Plaintiff possesses a Boston EMS report concerning events at Amazon on December 5, 2025. That morning, Plaintiff approached Matthew Dolan and

questioned him concerning what Plaintiff believed was an improper investigation. Mr. Dolan largely deflected Plaintiff's questions but stated that he "was a peon" in the larger matter. Afterword, Mr. Dolan told Plaintiff that he had to go and he walked towards the elevators.

Later that day, Amazon Security contacted Boston EMS and falsely reported that an individual had been hallucinating. Closer to noon, Plaintiff was moved into a conference room and questioned about his mental health.

On August 21, 2026, Plaintiff reviewed Newton-Wellesley Hospital records related to a visit which occurred on September 14, 2025. In those records, Dr. Rosenbaum stated:

> "I see that someone else (not myself) entered diagnosis of 'schizoaffective disorder, unspecified type'" and "I did not do this."

On August 31, 2026, Plaintiff reexamined the Boston EMS report and noticed that it specifically associated the December 5 call with an individual having a "schizoaffective disorder." Plaintiff had possessed the EMS report earlier but did not recognize the significance of that terminology until after reviewing the updated Newton-Wellesley records. Plaintiff did not use this specific term when speaking to Amazon Security nor was this specific term anywhere in his November 2025 lawsuit of this one before the Court.

Plaintiff does not presently contend that these records conclusively establish who entered the diagnosis, whether any Amazon employee obtained protected medical information, or whether the diagnosis was deliberately fabricated. The records do, however, raise a material factual question concerning the source of the specific psychiatric information used during the December 5 incident because the hospital did not formally diagnose him with this.

This issue is significant because the EMS response followed Plaintiff's interaction with Mr. Dolan and less than a month after Plaintiff filed Lacroix v. Leatherman in November 2025. Plaintiff respectfully submits that this newly discovered connection bears directly on the factual

context of Defendant's asserted defenses and warrants reconsideration of the Court's Rule 55(c) analysis.

**IV. THE TOTALITY OF THE CIRCUMSTANCES WARRANTS RECONSIDERATION**

Plaintiff recognizes that defaults are disfavored and that cases should ordinarily be resolved on their merits. Here, however, Defendant was properly served, failed to answer, was defaulted by the Clerk, and remained absent while Plaintiff pursued default judgment. Plaintiff affirmatively sought action on his Rule 55(b)(1) application and was incorrectly advised that the Clerk could not enter default judgment and that the Judge was required to act instead. Plaintiff relied upon that information while his application remained unresolved.

Before the application was decided, Defendant appeared and obtained relief from default. Plaintiff has now also identified documentary evidence that materially changes the factual context of one of the central incidents alleged in the First Amended Complaint. These circumstances, considered together, warrant reconsideration or, at minimum, clarification of the Rule 55(b)(1) issue and reconsideration of the Rule 55(c) factors in light of the newly discovered evidence.

**V. REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court: (1) reconsider and clarify its August 27, 2026 Memorandum and Order; (2) determine whether ECF No. 14 qualified for entry under Rule 55(b)(1) when filed; (3) clarify that Rule 55(b)(1) authorizes the Clerk, rather than requiring the Judge, to enter default judgment when the Rule's requirements are satisfied; (4) determine whether Plaintiff's application was not clerk-enterable because the damages were unliquidated rather than because the Clerk lacked authority to enter judgment; (5) consider the

effect of the incorrect procedural information provided to Plaintiff while Defendant remained in default and before Defendant appeared; (6) consider the newly discovered Newton-Wellesley and Boston EMS evidence in reassessing the Rule 55(c) factors, including the meritorious-defense factor; (7) reconsider whether the Clerk's Entry of Default should remain set aside; and (8) grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 31, 2026

CAMERON LACROIX
Plaintiff, Pro Se

By: /s/ Cameron Lacroix
Cameron Lacroix
PO Box 620144
Newton, MA 02462
(617) 539-6662
cameronlacroix@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 31, 2026.

Respectfully submitted,

Dated: August 31, 2026

CAMERON LACROIX
Plaintiff, Pro Se

By: /s/ Cameron Lacroix
Cameron Lacroix
PO Box 620144
Newton, MA 02462

(617) 539-6662
cameronlacroix@proton.me