Exhibit A

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAMERON LACROIX,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | 1:26-cv-12738-ADB |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's Opposition does not cure the FAC's defects. Instead, it supplies allegations not included in the FAC in a doomed attempt to avoid dismissal. Those new assertions do not—and cannot—amend the operative pleading or defeat Amazon's Motion to Dismiss, which should be granted in its entirety and with prejudice.

On the *pleaded* facts, Plaintiff still does not plausibly allege that Amazon took any action because of an actual or perceived disability or in response to any protected activity. *Muldrow* and *DeAngelis* do not convert Plaintiff's conclusory claims regarding promotions, equity, benefits, or career progression into pleaded actionable employment consequences. Similarly, *Coblyn*—which involved physical restraint of a customer—does not rescue Count VI. The Opposition merely reinforces that the FAC should be dismissed with prejudice.

## I. Plaintiff Cannot Rewrite the FAC Through His Opposition

A Rule 12(b)(6) motion is evaluated from the complaint, documents incorporated by reference, and matters properly subject to judicial notice—not new factual allegations in a brief aimed at staving off dismissal. *Hochendoner v. Genzyme Corp*., 823 F.3d 724, 731, 736 (1st Cir. 2016) (evaluating the sufficiency of the operative complaint based on its pleaded allegations and declining to allow briefing to supply the defendant-specific facts omitted from the complaint);

*Fisher v. Kadant, Inc.*, 589 F.3d 505, 510–11 (1st Cir. 2009). Rule 15—not an opposition memorandum—provides the mechanism for adding allegations. Plaintiff is well aware of the Rule 15 mechanism, as he has already used it in this lawsuit. *See* ECF No. 7.

The First Circuit treats an opposition memorandum as neither an amended pleading nor a motion to amend. *See United States ex rel. Solano v. Barton Assocs., Inc.*, 177 F.4th 315, 324 (1st Cir. 2026) (affirming denial of motion for leave to amend, holding that "a 'passing request for contingent leave to file an amended complaint,' especially when made as a part of an 'opposition to a motion to dismiss, is insufficient' to make a proper Rule 15(a) motion.") (quoting *Fisher*, 589 F.3d at 510–11). Plaintiff may not cure his otherwise deficient complaint by supplying new factual allegations in an opposition memorandum, and the Court should disregard all factual assertions appearing for the first time in Plaintiff's Opposition.

For example, because Amazon identified that the speculative derailed "promotion trajectory" claim warranted dismissal (Motion at 9-10), Plaintiff asserts for the first time in his Opposition that the putative advancement opportunity was specifically from "Program Manager I to Program Manager II." Opp. 3. But the FAC alleges only that Plaintiff's manager discussed presenting an unspecified "promotion document" during a future review cycle. FAC ¶¶ 37–40. It identifies no vacant position, application, selection process, decisionmaker's rejection, compensation differential, or lost equity award. The Opposition likewise adds an account of Plaintiff's alleged December 5 conversation with Dolan, alleged statements to EMS, and supposed employment actions on September 13, 17, and 18, 2026—events that it expressly acknowledges are absent from the FAC. Opp. 4–6. Those assertions are not before the Court, should be disregarded, and cannot stave off dismissal.[1]

[1] These examples of new allegations are not exhaustive. Plaintiff additionally makes new claims, inconsequential to the disposition of the Motion to Dismiss, about: (1) an alleged August 13, 2025 call with Kimberly McDonnell and Jonathan Bojas "where [Plaintiff] sought approval to gain access to a tool to aid escalation resolution." Opp. 11. The

*DeAngelis v. Hasbro, Inc.*, 165 F.4th 646 (1st Cir. 2026), does not hold otherwise. *DeAngelis* rejected an effort to demand evidentiary detail beyond what the operative complaint already plausibly alleged. 165 F.4th at 652–54. It did not permit a plaintiff to add missing underlying factual allegations or later-occurring events through opposition briefing. Because Plaintiff already amended once and now relies on facts outside that amendment to oppose Amazon's motion groundlessly, the proper result is dismissal.

## II. *Muldrow* Does Not Eliminate the Requirement of Actual Employment Harm

Plaintiff's contention that he adequately pled adverse employment action is flawed. While *Muldrow* rejected a heightened "significant harm" threshold, it still required an actual "'disadvantageous' change" with respect to an identifiable term or condition of employment. *Muldrow v. City of St. Louis*, 601 U.S. 346, 354–56 (2024). The First Circuit accordingly continues to reject discrimination claims, like Plaintiff's, that rest on labels or prospective consequences unaccompanied by an actual change in employment. *Walsh v. HNTB Corp.*, 169 F.4th 330, 341–43 (1st Cir. 2026) (holding that a performance improvement plan is not a de facto adverse action post-*Muldrow*); *O'Horo v. Bos. Med. Ctr. Corp.*, 131 F.4th 1, 17–18 (1st Cir. 2025) (holding that an administrative scheduling discrepancy that scheduled female plaintiff for more frequent performance reviews than her male colleagues was not an adverse action under *Muldrow* where the additional reviews never actually took place); *Rios v. Centerra Grp., LLC*, 106 F.4th 101, 112–13 (1st Cir. 2024) (holding that workplace incidents and supervisor admonishments do not

---

import and relevance of that new allegation is not clear. (2) Dolan and Amazon Security asking Plaintiff's HRBP to "try to convince him to go home for the day" on December 5, 2025, Opp. 1, though in the FAC, Plaintiff had alleged that Senior Manager Nicholas Trombino was the one who "told Plaintiff 'Hey Cam' and told him to go work from home for the rest of the day" on December 5. FAC ¶ 179. (3) Dolan's alleged desire to "transfer into a new role after the filing of Lacroix v. Leatherman…" Opp. 9. (4) Plaintiff's alleged "Exceeded High Bar" performance rating after May 2026. Opp. 7-8. And (5) An alleged August 13, 2026 statement by HRBP Maryna Omelko "that another Amazon Legal Team was investigating Matthew Dolan and that she was not privy to the details." Opp. 6.

constitute adverse actions under *Muldrow* if they carry no formal or tangible consequences that alter the terms or conditions of employment). Because the FAC pleads none, dismissal is warranted.

The FAC alleges that Plaintiff remained employed, that his suspension was paid, and that Amazon returned him to work in good standing. FAC ¶¶ 179, 202, 231–40. Its references to "promotion trajectory," "career progression," "seniority," "benefits," and "RSU-related compensation" are speculative conclusions appropriate for dismissal. FAC ¶¶ 247–50, 254, 260, 271, 276. No pleaded fact identifies an available promotion that Plaintiff lost, an RSU grant that failed to vest, a reduction in compensation, or a benefit that was taken away. And the Opposition's newly supplied "Program Manager II" allegation cannot fill that gap. Even under *Muldrow*, a plaintiff must allege an *actual* adverse employment consequence. Plaintiff does not—and the discrimination claims should be dismissed.

### III. The Opposition Highlights the Lack Of Disability-Based Causation—And References to "Perceived Disability" Do Not Supply the Missing Link

The discrimination claims (Counts II and IV) further fail independently because the FAC does not plausibly allege that Amazon acted because of an actual or perceived impairment. The FAC's allegation that Amazon perceived Plaintiff as impaired addresses only ADA coverage—it does not satisfy causation. Plaintiff still must plead facts permitting a plausible inference that Amazon took the challenged actions because of that perceived impairment, and the FAC alleges no such facts. *Sutherland v. Peterson's Oil Service, Inc.*, 126 F.4th at 736, 742–43; 42 U.S.C. §§ 12102(3)(A), 12112(a). The FAC's conclusory invocation of a "perceived disability," without facts connecting that perception to any challenged action, omits the necessary but missing causal nexus. *See Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (affirming dismissal of an ADA claim where the plaintiff failed to show a causal connection between the employer's awareness of her impairment and the subsequent adverse employment actions).

The FAC instead pleads the obvious, nondiscriminatory explanation for Amazon's response: Plaintiff reported believing that coworkers, strangers, and "rogue" federal agents were coordinating to seize and destroy his phone; posted those beliefs publicly; left work in acute distress; slammed his car door; screamed profanities; cried; and believed the government intended to charge him with drug, sex, and murder offenses. FAC ¶¶ 121–55. Responding to observable conduct and a contemporaneous fitness concern is not the same as acting on disability-based stereotypes. *See López-López v. Robinson Sch.*, 958 F.3d 96, 104–07 (1st Cir. 2020) (employer may require an examination based on objective, job-related concerns); *Calef v. Gillette Co.*, 322 F.3d 75, 86–87 & n.9 (1st Cir. 2003) (reasonable response to observed conduct did not support inference that employer acted from disability stereotypes). Plaintiff's "regarded as" formulation first emphasized in the Opposition therefore does not cure Counts II or IV—nor do the FAC allegations transform the conference-room questioning and subsequent fitness-for-duty process described in the FAC into an unlawful event sufficient to save Count III from dismissal.[2]

## IV. *Coblyn* Underscores What Count VI Does Not Allege

Plaintiff's reliance on *Coblyn v. Kennedy's, Inc.*, 359 Mass. 319 (1971) is misplaced. There, a store employee intercepted an elderly customer who had already exited the store, firmly grasped his arm, and compelled him to return while another employee stood beside him. *Coblyn*, 359 Mass. at 320–22. Those facts supplied the physical show of force that made submission the apparent only option.

The FAC alleges nothing comparable. It alleges that Plaintiff entered the conference room, sat down, was not touched, encountered no locked door or physical barrier, and received no threat

[2] The FAC's own chronology alleges multiple workplace-security concerns, acute distress, and unusual behavior immediately preceding the conference-room questioning. Count III does not become plausible merely by labeling the resulting inquiry overbroad—the pleaded context supplies an objective workplace-safety basis for an individualized fitness assessment.

of force or arrest while in the room. FAC ¶¶ 159–70. He then agreed to speak with EMS, declined transportation, returned to his workstation, joined a business call, and later resisted Amazon's instruction to leave the premises. *Id.* ¶¶ 170–79. A direction to remain during a brief workplace inquiry is not the compelled restraint required by Massachusetts law. *See Foley v. Polaroid Corp.*, 400 Mass. 82, 91-92 (1987) (distinguishing *Coblyn*, holding that "an employee at will who relinquishes his right to move about in return for continued employment, to which he is not entitled, is not imprisoned. He has a free choice," noting that the employer "had a right to confine [the plaintiff] for a reasonable time and in a reasonable manner in order to inquire about [a coworker's] allegations"). *Coblyn* therefore does not save Count VI.

Unlike *Coblyn* and *Foley*, the FAC alleges no grasping, blocking of an exit, display of force, threat of physical confrontation, assertion of arrest authority, or comparable coercive act. Its allegation that Plaintiff was told he could not leave, without facts describing how that direction was enforced or why departure was impossible, does not plausibly establish complete restraint against his will as a matter of law.

## **CONCLUSION**

For these reasons and those set forth in Amazon's opening Memorandum (ECF No. 31), the Court should dismiss the First Amended Complaint in its entirety, with prejudice.

DATED: October 5, 2026

Respectfully submitted,

DEFENDANT
AMAZON.COM SERVICES LLC

By its attorneys,

*/s/ Kristin McGurn*

Kristin McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Emily Miller (BBO No. 705662)
emmiller@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Kristin McGurn*
Kristin McGurn